# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
May 15, 2012 Session

## STATE OF TENNESSEE v. ANDREW CROSS

**Appeal from the Circuit Court for Polk County**
**No. 10132      Amy F. Reedy, Judge**

---

**No. E2011-02106-CCA-R3-CD December 28, 2012**

---

JOSEPH M. TIPTON, P.J., dissenting

I respectfully dissent. I believe that the record shows that the Defendant deserves judicial diversion and that substantial evidence does not exist to justify the trial court's denying diversion. The majority opinion accurately describes the many positive factors that support diversion and succinctly states that the trial court denied it because of the Defendant's "lack of amenability to correction based upon not being credible in his testimony and a lack of honesty with his employer." I do not see this lack of amenability in the record.

The purpose of diversion is to give certain offenders a second chance to become productive, valued members of society. In this vein, the expunction of the record after completion of a term of diversion greatly aids in the Defendant's becoming a successful member of society unencumbered by the stigma associated with the past problem. As our supreme court has stated, the focus for granting diversion should be on the Defendant's amenability to correction. State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983).

As the evidence noted in the majority opinion shows regarding his military service, schooling, work history, and intended career in physical therapy, the Defendant is well on his way to being a productive individual and intends to be one in the future. The offenses were not aggravated, and nothing in the record suggests that the Defendant will reoffend.

The trial court said that the Defendant was dishonest with his employer by not disclosing to Target that he had been charged in the present case. I disagree. He did not lie or mislead his employer, who never asked about a criminal record. It is ironic that the trial court cast a pall of dishonesty upon the Defendant's nondisclosure when the main reason for expunging a record after diversion is to prevent its use against a defendant who is trying to

become a good citizen. I cannot see how this nondisclosure renders the otherwise qualified Defendant less amenable to rehabilitation.

As for the trial court's finding that the Defendant was not credible at the hearing, I cannot see anything in the record that would give the trial court reason to question his truthfulness as to any relevant question or issue. Upon questioning, he acknowledged he had some family issues, and he acknowledged that he entered the victim's summer home and stole the items.

As the majority opinion states, we are bound by a trial court's credibility finding, but there is nothing in the record that indicates the Defendant was not telling the truth. The trial court stated it considered him dishonest, noting that his offenses involved dishonesty. However, I do not believe the inherent "dishonest" quality of the Defendant's offenses that allow for diversion should be significant when considering whether the Defendant is amenable to correction. Also, the trial court stated that the Defendant was being "dishonest, by not being open and forthright." However, the court did not specify what was dishonest about his testimony or demeanor. Apparently, it held against the Defendant what he did not say, but it did not specify what the problem was.

The Defendant's work, schooling, social history, and plans for the future show considerable rehabilitation had occurred by the time of the hearing. Branding him with a felony conviction, which would essentially thwart his goal of being a physical therapist professional, would be an injustice to him and society under the record before us.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

2